**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

# FILED

MAR 27 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN EDWARD MAY, | No. 17-15603 |
| Petitioner-Appellee, | D.C. No. 2:14-cv-00409-NVW |
| v. | |
| CHARLES L. RYAN; MARK BRNOVICH, Attorney General, | MEMORANDUM[*] |
| Respondents-Appellants. | |

| | |
|---|---|
| STEPHEN EDWARD MAY, | No. 17-15704 |
| Petitioner-Appellant, | D.C. No. 2:14-cv-00409-NVW |
| v. | |
| CHARLES L. RYAN; MARK BRNOVICH, Attorney General, | |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted March 7, 2019
Phoenix, Arizona

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  IKUTA and FRIEDLAND, Circuit Judges, and BLOCK,[**] District Judge.

The government appeals the district court's grant of habeas corpus.  We hold that Stephen May is not entitled to habeas relief on any of the grounds he raises and thus reverse.[1]

1.  As the State properly conceded at oral argument, we review de novo under *Strickland v. Washington*, 466 U.S. 668 (1984), whether counsel's ineffectiveness constitutes cause and prejudice to excuse procedural default of a claim, even where the state court considered the same allegations of deficient performance.  *See Visciotti v. Martel*, 862 F.3d 749, 769 (9th Cir. 2017).  Reviewing de novo, we conclude that May's trial counsel was not ineffective for failing to object to the constitutionality of the child molestation statute.  Given the long-standing Arizona rule that the State is not required to prove sexual intent to successfully prosecute a defendant for child molestation, *see State v. Sanderson*, 898 P.2d 483, 491 (Ariz. Ct. App. 1995), which provided the background for the "prevailing professional practice at the time of the trial," *see Bobby v. Van Hook*,

---

[**]     The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

[1] A concurrently filed majority opinion resolves May's claim that his lawyer rendered ineffective assistance of counsel by failing to object to the resumption of jury deliberations.  Judge Block dissents from that decision.

558 U.S. 4, 8 (2009) (per curiam),[2] we cannot conclude that trial counsel's failure to object to the constitutionality of the statute's placing the burden of proving lack of intent on the defendant "fell below an objective standard of reasonableness," *see Strickland*, 466 U.S. at 688.  The district court erred in holding otherwise.  Because we do not reach the constitutionality of the Arizona child molestation statute, we vacate the district court's judgment in that respect.  *See C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 988-89 (9th Cir. 2011); *see also Camreta v. Greene*, 563 U.S. 692, 713-14 (2011).[3]

2.  May's remaining claims fail on the merits or are procedurally barred.

May contends that his lawyer objectively and unreasonably erred by failing to further confer with May when the jury requested to resume deliberations after the trial judge declared a mistrial.  In May's view, the decision whether to accept a mistrial fundamentally belongs to the defendant.  But the record shows that May's

---

[2] Two Arizona decisions issued after May's trial confirmed that Arizona courts approved of the approach taken by the statutory scheme under which May was prosecuted, which required the defendant to prove any affirmative defense, including lack of sexual intent, by a preponderance of the evidence. *See State v. Holle*, 379 P.3d 197, 202 (Ariz. 2016); *State v. Simpson*, 173 P.3d 1027, 1030 (Ariz. Ct. App. 2007).

[3] To the extent May also argues on appeal that he received ineffective assistance of counsel because his trial counsel failed to challenge the constitutionality of the child molestation statute, that claim fails.  Because May's argument that he received ineffective assistance of counsel fails on de novo review, it follows, a fortiori, that the state court did not unreasonably apply *Strickland* in rejecting this argument. *See Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010).

lawyer briefly conveyed the options to him before deciding not to object to the jury continuing with deliberations, and May has not produced an affidavit or testified during postconviction proceedings that he would have asked for his lawyer to object if he had been consulted more extensively.  The Arizona Court of Appeals therefore did not unreasonably conclude that any failure to further confer did not result in prejudice.

May argues that his lawyer was ineffective for failing to call any experts to discuss May's neurological condition or introduce medical records pertaining to that condition.  As the state court found, the medical evidence that May's lawyer allegedly could have obtained and introduced was not very helpful to May's claims—the evidence primarily tended to show that May was generally in control of his body and that his condition has improved since birth.  Furthermore, the jury already heard May's testimony that he had difficulty using his left side.  As such, May cannot show that the state court unreasonably applied *Strickland* in concluding that there was no prejudice from the failure to call a medical expert or admit May's medical records.

May asserts that his lawyer also was ineffective by failing to consult with or call an expert about the malleability of children as witnesses.  The Arizona Court of Appeals' ruling on postconviction review, which incorporates the trial court's ruling, is the last reasoned decision on this claim.  We conclude that the court

4

reasonably applied *Strickland* in evaluating May's counsel's decision to raise issues with the children's testimony through his own cross-examination rather than through an expert witness.

We reject May's contention that his counsel's cumulative errors "rendered [his] trial fundamentally unfair and doomed him to conviction."  May's lawyer's tactical decisions were not objectively deficient separately, and May has not sufficiently demonstrated how that analysis changes when the errors are viewed cumulatively.

Even assuming that an actual innocence claim is cognizable in a federal habeas proceeding in the non-capital context, May has not made a sufficient showing to meet that "extraordinarily high" bar.  *See Jones v. Taylor*, 763 F.3d 1242, 1246 (9th Cir. 2014) (quoting *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997)).

The remainder of May's claims were procedurally defaulted because of his failure to properly raise them in state court.  To be an adequate bar to federal habeas review, a state procedural rule must be "clear, consistently applied, and well-established at the time of the petitioner's purported default."  *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994); *see also James v. Kentucky*, 466 U.S. 341, 348 (1984) (stating the rule must be "firmly established and regularly followed").  "Arizona's waiver rules are independent and adequate bases for denying relief."

*Hurles v. Ryan*, 752 F.3d 768, 780 (9th Cir. 2014) (citing *Stewart v. Smith*, 536 U.S. 856, 859-60 (2002) (per curiam)); *see* Ariz. R. Crim. P. 32.2.

May asserts that his lawyer was objectively deficient for failing to object to the admission of a video that involved prejudicial conversations about an unrelated New York investigation.  The Arizona Court of Appeals held that this claim was waived because May only raised the issue briefly in his petition for post-conviction relief and during the evidentiary hearing.  This ruling is an independent and adequate bar to federal review, and May has not shown cause and prejudice to excuse the procedural bar.

The Arizona Court of Appeals on direct appeal and collateral review also held that five other claims were procedurally barred: that (1) the jury lacked jurisdiction to return a verdict after the mistrial was declared; (2) the jury inappropriately considered extrinsic evidence; (3) the prosecutor vindictively obtained a new indictment after May successfully moved for a remand; (4) the prosecutor improperly coached one of the witnesses during a recess in his trial testimony; and (5) May's sentence constituted cruel and unusual punishment under the Eighth Amendment.  The state court's determinations that the arguments were procedurally barred constitute an adequate and independent bar to our review, *see Stewart*, 536 U.S. at 860-61, and May has not demonstrated cause and prejudice to excuse the defaults.

6

**REVERSED.**[4]

---

[4] We disagree with May that this appeal is moot.  We also deny May's motion to strike the State's notices of authorities.